## Daniel Regan v. Sargent Company.

1. PROXIMATE CAUSE—*A Question for the Determination of the Jury.* —Where the evidence in a suit for personal injuries tends to establish the fact that the injury of the plaintiff was caused by a set-screw projecting from the collar of a shaft at a place where it did not belong, it was a question for the determination of the jury, whether, from these facts, negligence of the defendant was to be considered as the proximate cause of the injury.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed December 23, 1901.

Statement.—This suit was brought by appellant to recover damages sustained, it is alleged, through negligence of appellee. There was evidence presented upon the trial tending to establish the following facts :

Appellee owned and was operating an 'iron foundry in Chicago. Appellant was for about three weeks prior to the injury in the employ of appellee as an ordinary laborer, doing various kinds of odd jobs about the works of appellee, under the direction of appellee's foreman. The first week he was there he helped put in the pillars for a crane. He next dug a trench around the engine. The next work he did was to assist in putting up what was called a counter-shaft. This latter work was only begun on the morning of the accident, and the plaintiff was injured between seven and eight o'clock in the morning. The shafting referred to was intended to be suspended from certain girders or joists by certain iron hangers, which hangers were about three feet long, so that the shafting when in place would be about twenty-five feet above the ground or floor of the large building. A scaffold had been erected by appellee, which was about twenty or twenty-five feet above the ground. At the time of the injury there was in use another shaft called the line or main shaft, which was likewise about twenty-five feet above the ground, and ran length-

wise of the building.  The main shaft was already in place before and at the time of the accident, and the purpose of the shafting was to supply and distribute the power for the shop by means of belts.  It was the intention to erect this counter-shaft upon a plane with and parallel to the line or main shaft, and at a distance from it of about eighteen feet.

Hudson, the master mechanic of the appellee, had charge of the work and was superintending it, and gave all orders to the laborers, including appellant, and directed what should be done, and how it should be done.  Appellant had not been about or near the main shaft or upon or about the scaffold or the place where the counter-shaft was to be erected prior to the time of the injury.  He had just gone upon the scaffold at the direction of Hudson, where the counter-shaft was to be erected, a few minutes before the injury.  Hudson was upon this scaffold and the main shaft was eighteen feet away and about upon a level plane with where they were standing.  It was necessary to have the counter-shaft parallel with the main shaft, and in order to have it so, it was first necessary to take measurements from the main shaft to where the counter-shaft was to be located. For this purpose Hudson got a long pole, and holding one end, told appellant to take hold of the pole and go across by way of some planks or scaffolding to where the main shaft was, and directed appellant to hold the pole against the main shaft while Hudson stood opposite him, eighteen feet away, and held the other end of the pole and took the measurements.  Upon receiving this order from his fore-man, appellant proceeded to obey it, taking the pole and carrying it, or one end of it, along with him, while Hudson held the other end.  The main shaft was at the time in rapid motion.  The building was dark and it was a rainy, cloudy morning.  Just as appellant got over to the main shaft and started to put the pole against the shaft as directed, his clothing became caught on a set-screw which projected from a collar on the main shaft, which collar, it appears, was out of its proper place some eight to twelve

inches. Appellant was revolved around the shaft a number of times, and his clothing, excepting the waistband of his pants and drawers, was stripped off and he was hurled into a pile of old iron below, a distance of eighteen feet, by means whereof he sustained severe injury.

The *narr.* consists of three counts. The first count is based upon the duty of appellee to use reasonable care to see that appellant was provided with a reasonably safe place in which to perform the order which he was directed to perform. The second count is based upon the duty of appellee to keep its machinery and appliances in reasonably safe condition, so that appellant could perform the labors required of him in safety, and it is alleged that the collar was permitted to become and remain out of its proper and customary place upon the shaft, which rendered the place where plaintiff was required to go unsafe, etc. .The third count is based upon the duty of defendant not to order appellant to perform work in a dangerous place, without warning appellant of the dangers which were unknown to him, etc. The plea of general issue was filed to the declaration by the appellee.

At the close of appellant's case the trial court directed a verdict for the defendant.

From judgment upon the verdict this appeal is prosecuted.

Francis T. Murphy and Thaddeus S. Allee, attorneys for appellant.

Americus B. Melville and Frank J. Canty, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

The only question presented upon this appeal is as to the propriety of the order peremptorily directing the jury to return a verdict for the appellee. We are of opinion that the evidence so far tended to establish the right of action of appellant, as set up in his declaration, as to warrant the submission of it to the jury, and that it was error to direct a verdict for appellee. The jury would have been war-

ranted in finding from the evidence that appellant was working under the immediate control and direction of a vice-principal of appellee. That in approaching the revolving main shaft and attempting to hold the measuring rod to it, he was obeying the command of appellee. That in so doing he was brought into peril by reason of the fact that a collar upon the revolving shaft, from which a set-screw projected, was out of place. The evidence tended very strongly to establish that this collar was from eight to twelve inches out of its proper place. It should have been up against the box which was about the hanger into which the shaft ran and by which the shaft was supported. The collar was to prevent the shaft from sliding further into the hanger. Its place was necessarily against the hanger box. From this collar a set-screw projected either three-fourths of an inch, as testified to by one witness, or one and one-half inches, as testified to by another. In either case it presented a danger to one approaching too closely to the revolving shaft. The jury would have been warranted in finding that appellant approached close to this revolving shaft by express direction of his employer. There is no evidence that appellant was aware of the misplaced collar with its projecting set-screw. When the employer spe-' cifically directs the employe to perform a certain work, a very different duty of inspection as to dangers rests upon him from that which rests upon the employe thus directed. Wood on Master and Servant, Sec. 336; Union Show Case Co. v. Blindauer, 75 Ill. App. 358.

The evidence tended to establish the fact that it was through the danger caused by the set-screw projecting from the collar at a place upon the shaft where it did not belong that appellant was injured. It was for the jury to determine whether from these facts, negligence of appellee was to be considered as the proximate cause of appellant's injury. It can not be said that the minds of intelligent and reasonable persons would of necessity agree in a conclusion that there was not such negligence.

The judgment is reversed and the cause is remanded.